IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| WENDY NORING, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| CREDIT CONTROL, LLC., | : | |
| Defendant. | : | |

## COMPLAINT

Wendy Noring, by her attorney Ray Johnson, for her claims against the Defendant states

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § § 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Wendy Noring, is a natural person now residing in Granger, Iowa.

4. Defendant, Credit Control, LLC is engaged in debt collection in Iowa

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Defendant has attempted to collect an alleged debt from Noring on an open account that allegedly originated from a credit card. The statute of limitations has expired on the alleged debt. Nevertheless, Defendant persisted in its attempts to collect the time barred debt.

7. Defendant threatened to "file a judgement" against Noring on or about July 25, 2008. Defendant had no intention of filing a lawsuit in this matter, could not legally obtain a judgment, and intentionally misrepresented to Noring that it could simply "file a judgement" against her whenever it wanted.

8. Defendant contacted third parties in its attempts to collect the alleged debt.

9. Defendant contacted Noring directly after it was known that she was being represented by an attorney.

10. Defendant did not provide Noring with the "g notice" required by the FDCPA.

## V. FIRST CLAIM FOR RELIEF

11. All facts and allegations of this Complaint are incorporated herein by reference

12. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692(e)(2) by making a false representation regarding the character, amount, or legal status of a debt.

    b. Defendant violated 15 U.S.C. § 1692(f)(1) by collecting or attempting to collect an amount not permitted by law.

    c. Defendant violated 15 U.S.C. § 1692f by using unfair and or unconscionable means to collect the alleged debt.

    d. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken; and

    e. Defendant violated 15 U.S.C. § 1692c(a)(2) by contacting Noring when it was known, or should have been known, that she was being represented by an attorney.

13. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

14. All facts and allegations of this Complaint are incorporated herein by reference.

15. Ms. Noring's alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

16. With regard to attempts to collect from Ms. Noring as alleged herein, Credit Control was a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

17. Defendant violated the State Act. The foregoing acts, omissions and practices of the Defendant were in violations of Iowa Code § 537.7103, including but not limited to:

    a. Defendant violated Iowa Code § 537.7103(4) by using fraudulent, deceptive or misleading representations or means to collect or attempt to collect a debt or to obtain information concerning a debtor;

b. Defendant violated Iowa Code § 537.7103(1) (f) by threatening to take an action prohibited by this chapter or any other law;

c. Defendant violated Iowa Code § 537.7103(4)(e) by intentionally misrepresenting or making a representation which tends to create a false impression of the character, extent or amount of a debt or of its status in a legal proceeding; and

d. Defendant violated Iowa Code § 537.7103(5)(e) by contacting Noring when it was known, or should have been known, that she was being represented by an attorney.

18. As a proximate result of the unfair debt collection, Noring has suffered actual damages and injury for which she should be compensated in an amount to be proven at trial

## VII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against the Defendant for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Statutory damages pursuant to Iowa Code § 537.5201(1).

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

E. For such other relief as the Court deems appropriate in the circumstances

Respectfully submitted,

_____

RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com